UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS CARSON,

    Plaintiff,

v.                                  CASE No. 8:15-CV-751-T-33TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

_____

REPORT AND RECOMMENDATION

The plaintiff has filed a claim for Social Security disability benefits, alleging that he became disabled on October 1, 1991.[1] However, the plaintiff had previously filed such a claim, which was denied administratively, by this court and by the Eleventh Circuit. Accordingly, the administrative law judge, noting that the plaintiff was last insured for disability benefits on March 31, 1997, dismissed the plaintiff's present request for a hearing on the grounds of res judicata. Consequently, the Commissioner contends in a Motion to Dismiss Complaint (Doc. 9) that the

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated August 28, 1997. See also Local Rule 6.01(c)(21).

court lacks subject matter jurisdiction over this lawsuit, which seeks review of the Commissioner's decision that the plaintiff's claim is barred by the doctrine of res judicata. Specifically, she argues that this finding is not a "final decision ... after a hearing," as required under 42 U.S.C. 405(g) for this court's jurisdiction. The plaintiff seeks to avoid the res judicata bar on the theory that the law judge de facto reopened the previous decision denying the plaintiff's disability benefits. However, the law judge expressly stated that there was no reason why the prior decision should not remain final and that "none of the conditions for reopening ... are present in this case." Further, the plaintiff has not demonstrated any other basis for this court to have subject matter jurisdiction. I, therefore, recommend that the Commissioner's motion to dismiss be granted and this case closed.

I.

In May 2003, the plaintiff filed an application for Social Security disability benefits, alleging a disability onset date of October 1, 1991. Carson v. Astrue, 8:08-CV-1361-T-23MCR, 2009 WL 2900709 (M.D. Fla. 2009); see also Doc. 9-4, p. 4.[2] The time under consideration extended to March 31,

---

[2]Citation to the record corresponds to the page numbers in CM/ECF.

1997, the day the plaintiff's insured status expired (see Doc. 9-2, p. 4; Doc. 9-4, p. 6). The application was denied initially and on reconsideration. The plaintiff, at his request, then received a de novo hearing before a law judge on March 16, 2005 (Doc. 9-4, p. 4). On November 23, 2005, the law judge concluded the plaintiff was not disabled (id.).

Thereafter, on April 20, 2007, the Appeals Council vacated the law judge's decision and remanded the case for further consideration (id.). The plaintiff subsequently received a second hearing before a law judge (id.). On February 20, 2008, the law judge determined that the plaintiff was not disabled through his date last insured, March 31, 1997 (Doc. 9-2, p. 14). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Doc. 9-3). This court affirmed the decision in September 2009. Carson v. Astrue, supra (see also Doc. 9-4). Thereafter, the plaintiff appealed the decision to the Eleventh Circuit Court of Appeals. The Eleventh Circuit affirmed this court's decision. Carson v. Commissioner of Social Security, 373 Fed.Appx. 986 (11th Cir. 2010) (see also Doc. 9-5).

On February 21, 2012, the plaintiff submitted a subsequent claim for disability benefits to the Social Security Administration, alleging a disability onset date of October 1, 1991 (see Doc. 9-1, p. 3, ¶4b; Doc. 9-6, p.

4). The application was denied initially and on reconsideration (see Doc. 9-6, p. 4). The plaintiff then filed a request for a hearing before an administrative law judge (see id.). On February 9, 2013, the law judge issued an Order of Dismissal, stating that, "[b]ecause the doctrine of res judicata applies, the request for hearing dated December 4, 2012 is dismissed" (id., p. 6). See 20 C.F.R. 404.957(c)(1) (res judicata applies when there is a previous final determination involving the claimant's rights on the same facts and on the same issues). In this regard, law judge Joseph F. Dent, explained that the February 20, 2008, decision of the previous law judge, Elving L. Torres, "has withstood considerable judicial scrutiny" and that the plaintiff has "seemingly exhausted all avenues available to him with the United States federal court system" (Doc. 9-6, p. 4).

Law judge Dent also considered whether the plaintiff's case should be reopened, but determined that none of the factors set forth in 20 C.F.R. 404.988 existed which would justify a reopening of the case (Doc. 9-6, p. 4). The law judge, therefore, iterated that the previous administrative law judge's decision remained administratively final (id., p. 5). The law judge, in sum, concluded (id., p. 6):

> ....the claimant's insured status expired prior to the previous decision. Accordingly, the claimant's rights on the same facts and on the same issues are involved and the doctrine of res judicata applies.

The plaintiff then sought review from the Appeals Council. In a Notice of Appeals Council Action dated January 29, 2015, the Appeals Council advised the plaintiff that it denied his request for review (Doc. 9-7, p. 1). The Appeals Council stated that "[w]e found no reason under our rules to review the Administrative Law Judge's dismissal" (id.).

Thereafter, on March 30, 2015, the plaintiff filed a complaint with this court asserting this court has jurisdiction because there was a de facto reopening of the first law judge's decision dated February 20, 2008, by law judge Dent's subsequent decision of February 9, 2013 (Doc. 1).

The defendant moves to dismiss the plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), F.R.Civ.P. (Doc. 9). As indicated, the Commissioner argues that subject matter jurisdiction is absent because the dismissal of the plaintiff's request for a hearing on res judicata grounds is not a "final decision ... after a hearing" as required for jurisdiction under 42 U.S.C. 405(g), and that, contrary to what the plaintiff alleged in his complaint, there was not a de facto reopening of the February

20, 2008 decision (id.). The plaintiff asserts various grounds why his case was, or should have been, reopened.

II.

A motion to dismiss under Rule 12(b)(1), F.R.Civ.P., for lack of subject matter jurisdiction can be resolved either on the face of the complaint, or on the basis of factual submissions. Carmichael v. Kellogg, Brown & Root Services, Inc., 572 F.3d 1271, 1279 (11th Cir. 2009).

Facial attacks to subject matter jurisdiction require the court merely to look and see if the plaintiff's complaint has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion. Id.

Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). In that circumstance, the district court may consider extrinsic evidence and no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of the jurisdictional issue. Id.; Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335-1336 (11th Cir. 2013).

In this case, the defendant has asserted a factual challenge to jurisdiction. Accordingly, the exhibits attached to the parties' memoranda have been considered.

### III.

The defendant argues that a dismissal on res judicata grounds is not a "'final decision' [of the Commissioner made] after a hearing" and, therefore, this Court lacks subject matter jurisdiction over the plaintiff's claim (Doc. 9, p. 1).

Section 405(g) pertinently provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days ...." Thus, under §405(g), judicial review is limited "to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977) (emphasis added).

Moreover, §405(g) is the exclusive source of federal court jurisdiction for Social Security cases. Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). This is due to 42 U.S.C. 405(h), which states, inter alia, that "[n]o findings of fact or decision of the Commissioner of Social Security shall

be reviewed by any person, tribunal, or governmental agency except as herein provided." Consequently, jurisdiction to review Social Security decisions can be based only on §405(g).

The regulations authorize the Commissioner to dismiss a request for hearing and decline to issue a final decision if the doctrine of res judicata applies. 20 C.F.R. 404.957(c)(1); Cash v. Barnhart, 327 F.3d 1252, 1255 (11th Cir. 2003); Holland v. Heckler, 764 F.2d 1560, 1562 (11th Cir. 1985). Therefore, the issue here is whether the dismissal of the plaintiff's hearing request on the basis of res judicata is an administrative decision for which judicial review is authorized under §405(g). The answer is no.

Thus, well-established Eleventh Circuit authority holds that, "[i]f the [Commissioner] finds res judicata applicable, that finding is generally unreviewable by the federal courts because it is not a 'final decision of the [Commissioner] made after a hearing' as required by the Social Security Act for federal jurisdiction." Holland v. Heckler, supra, 764 F.2d at 1562 (citing Califano v. Sanders, 430 U.S. 99, 108); see also Cash v. Barnhart, supra, 327 F.3d at 1256 ("no jurisdiction exists under §405(g) to support judicial review of the ALJ's and the Appeal Council's decisions" to dismiss a request for a hearing on the basis of res judicata); Graham v. Bowen, 786 F.2d 1113, 1114

(11th Cir. 1986) (it is clear from the record that the ALJ applied administrative res judicata to bar ... the claims arising on or before May 14, 1982–and the court is "without jurisdiction to review that finding"); Hensley v. Califano, 601 F.2d 216 (5th Cir. 1979) ("refusals to reopen and determinations that a claim is res judicata are not reviewable").[3]

Accordingly, the Commissioner's decision to dismiss the plaintiff's request for a hearing and to decline to issue a final decision because res judicata applies is, in general, not reviewable. 42 U.S.C. 405(g); Holland v. Heckler, supra, 764 F.2d at 1562.

There are two exceptions to this general rule. One exception is that "judicial review may be had where the claimant raises a colorable constitutional issue" that warrants reopening of the claim. Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996); see also Califano v. Sanders, supra, 430 U.S. at 109; Holland v. Heckler, supra, 764 F.2d at 1562. The other

---

[3]The Supreme Court in Califano v. Sanders, supra, 430 U.S. at 108 (1977), explained that:

> Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

exception for judicial review is when a de facto reopening has occurred, meaning "the decision is reconsidered to any extent at any administrative level" Jones v. Department of Health and Human Services, 941 F.2d 1529, 1533 (11th Cir. 1991); see also, Passopulos v. Sullivan, 976 F.2d 642, 645 (11th Cir. 1992); Hall v. Bowen, 840 F.2d 777, 778 (11th Cir. 1987); Cherry v. Heckler, 760 F.2d 1186, 1189 (11th Cir. 1985).

The plaintiff states that a colorable constitutional issue is not present in this case (see Doc. 15, p. 5). Therefore, that exception is not applicable. See Graham v. Bowen, supra, 786 F.2d at 1114 (only issue is whether the previous claim was de facto reopened when the plaintiff did not assert a constitutional violation).

Rather, the plaintiff contends that this court has subject matter jurisdiction because law judge Dent, in his February 2013 decision, de facto reopened law judge Torres's February 2008 decision, and, therefore, "res judicata [was not] present as a matter of law" (Doc. 15, pp. 1-2, 5-9). The Commissioner persuasively argues that the case was not reopened and, thus, res judicata is applicable.

As indicated, a court has jurisdiction to review the Commissioner's decision to not reopen a disability determination when "the

record demonstrates that there has been an actual reexamination of the merits of a prior administrative decision." Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996); see also Cash v. Barnhart, 327 F.3d. 1252, 1256 (11th Cir. 2003); Hall v. Bowen, supra, 840 F.2d at 778; Cherry v. Heckler, supra, 760 F.2d at 1189. Thus, a court has subject matter jurisdiction to review an administrative decision when there has been a reopening of the decision. Wolfe v. Chater, supra, 86 F.3d at 1078; Passopulos v. Sullivan, supra, 976 F.2d 642 at 645; Hall v. Bowen, supra, 840 F.2d at 778; Jones v. Department of Health and Human Services, supra, 941 F.2d 1529 at 1533; Cherry v. Heckler, supra, 760 F.2d 1186 at 1189. However, a prior decision is not reopened merely because an administrative law judge examines the presented evidence from that application for benefits to determine if res judicata applies to the current application. Wolfe v. Chater, supra, 86 F.3d at 1079; see also Cherry v. Heckler, supra, 760 F.2d at 1189 (it is fair for an administrative law judge to compare the evidence in determining whether res judicata applies). In addition, an administrative law judge "must be allowed some leeway to evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the case pursuant to 20 C.F.R. §§

404.988, 404.989."[4] Passopulos v. Sullivan, supra, 976 F.2d at 646; Brown v. Sullivan, 921 F.2d 1233, 1237 (11th Cir. 1991); Hall v. Bowen, supra, 840 F.2d at 778. Further, reopening a prior determination is an "extraordinary measure" and should only be utilized in "specific and substantial reasons" that are set forth in the Social Security's regulations. Bloodsworth v. Heckler, 703 F.2d 1233, 1238 (11th Cir. 1983); see also Passopulos v. Sullivan, supra, 976 F.2d at 647.

The plaintiff relies on Wolfe v. Chater, supra, to support his theory that law judge Dent, in his decision, committed a de facto reopening of law judge Torres's 2008 decision. Wolfe v. Chater involved three applications for benefits. On the third application, the law judge found that

---

[4]Pursuant to 20 C.F.R. § 404.988, there are various conditions for reopening a decision including: for any reason within twelve months of a decision; for good cause within four years of the decision; at any time if a decision was obtained by fraud or a person is found alive after being determined to be dead, etc. Under 20 C.F.R. § 404.989(a), good cause exists to reopen a decision or determination when:
> (1) New and material evidence is furnished;
> (2) A clerical error in the computation or recomputation of benefits was made; or (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

Further, 20 C.F.R. § 404.989(b) provides:
> We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

the law judges on the first two applications had erred in finding that the claimant had a limited education and concluded instead that the claimant had only a marginal education. 86 F.3d at 1079. The Eleventh Circuit ruled that the third law judge "reconsidered the merits of the prior decisions with regard to Wolfe's educational level" so the prior decisions were reopened to that extent. Id. Significantly, education is one of the primary vocational factors under the regulations. See 20 C.F.R. 404.1564. In this case, there is nothing even remotely similar to the change in Wolfe in the claimant's educational level.

The plaintiff claims that his case is analogous to the Wolfe case in that law judge Dent reopened the previous 2008 decision by making a redetermination regarding a change in the plaintiff's statin medication (Doc. 15, pp. 6-7). Thus, the plaintiff asserts (id., p. 6):

> Please note on page 5 of Judge Dent's decision, that he admits that there was a change in medication and then goes about trying to minimize the effects of such medication on Mr. Carson. There is therefore a redetermination by Judge Dent of the fact that there was a change made with regard to the statin medication prior to the date last insured. He also is aware that the changes did not work.

Thus, it appears the plaintiff is arguing that law judge Dent made a redetermination regarding the plaintiff's use of statins. The plaintiff is mistaken. Unlike in Wolfe, in which the ALJ changed the previous law judges' decisions regarding their findings with respect to the plaintiff's education level, here, law judge Dent did not make any changes to the previous law judge's decision. Rather, law judge Dent specifically stated that he was comparing the plaintiff's new evidence with the evidence from the previous decision (Doc. 9-6, p. 5). A law judge is required to compare the evidence from a previous decision with the evidence on the current application to determine if res judicata applies. Wolfe v. Chater, supra, 86 F.3d at 1079; see also Cherry v. Heckler, 760 F.2d at 1189. This is exactly what law judge Dent did here. Thus, law judge Dent specifically stated (Doc. 9-6, p. 5):

> The question therefore becomes whether the same facts and same issues are involved. The undersigned has compared the evidence considered in reaching the previous decision with that relating to the claimant's current claim. Based on this comparison, the undersigned finds that no new and material evidence has been submitted and that there has been no change in statute, regulation, ruling, or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period.

The law judge's examination of the evidence to determine whether res judicata applies does not involve a reopening of the prior decision. That is a separate issue.

With respect to the question of whether to reopen the prior decision, the law judge appropriately did consider the new evidence. However, the law judge clearly indicated that he was not reopening the prior decision. Thus, he stated (Doc. 9-6, pp. 4-5):

> The undersigned has considered whether this decision should remain final and finds no reason why it should not. The claimant seemingly exhausted all avenues available to him with the United States federal court system. Additionally, none of the conditions for reopening set forth in 20 CFR 404.988 are present in this case. Indeed, because the initial determination on the prior application was issued on July 30, 2003, the only possible basis for reopening would have to be through a finding of fraud or similar fault (or other *very limited* and completely inapplicable conditions outlined under 20 CFR 404.988(c)). Accordingly, the previous decision remains final and binding.

The plaintiff mistakes the law judge's consideration of the additional evidence as a reopening of the prior denial. That evaluation, however, was in relation to the different issue of res judicata, more specifically, whether the same facts and same issues are involved in the two

-15-

applications (Doc. 9-6, p. 5). The law judge addressed that issue in some detail (id.). Thus, the law judge stated (id.):

> Having reviewed the matter thoroughly, it does appear that the claimant was on statins for a period prior to the date last insured. There is a reference in January 1997 to a history of prescriptions for Zocor, Pravachol, and Lipitor to treat the claimant's elevated cholesterol. Yet, this information was part of the record at the time of the previous decision. The purported "new and material" evidence consists of nothing more than a June 2011 statement from the FDA warning about *80 milligram dosages* of Zocor, Simvastatin, and Vytorin leading to "an increased risk" of developing myopathy and rhabdomyolysis. While there is evidence the claimant took statins, there is little, if any, evidence to show the claimant's use of statins was to this extent (*i.e.*, at 80 milligram dosages). Even regardless of whether this FDA warning, obtained at www.druginjury.com, applied to the claimant, it does not state that the medications definitely caused said symptoms, merely that an individual may be at an "increased risk" for these symptoms.... The FDA warning is immaterial evidence.

In addition, the law judge evaluated information from doctors. He explained why the October 2011 report from Dr. Dean A. Bramlet was "equivocal, and cannot be considered 'new and material'" (Doc. 9-6, p. 5). He said that statements from Dr. Daniel B. Bell and Dr. Enos Perez were "conclusory," and because they were "offered many, many years after the

time they would be relevant, provide little insight" (id., p. 6). Accordingly, particularly since "the claimant's insured status expired prior to the previous decision," the law judge found that "the claimant's rights on the same facts and on the same issues are involved and the doctrine of res judicata applies" (id.).

While the plaintiff makes the conclusory assertion that this finding was erroneous, he does not develop any meaningful argument to support that assertion (see Doc. 15, p. 9). Thus, the plaintiff does not address the law judge's reasoning and fails to cite evidence showing that the reasoning is flawed. Therefore, the plaintiff's hint of a challenge to the law judge's finding that the two applications involve the same facts and the same issues is appropriately deemed waived. Sanchez v. Commissioner of Social Security, 507 Fed. Appx. 855 n.1 (11th Cir. 2013) (the plaintiff waives any challenge to the law judge's determination that was not adequately raised). In all events, the plaintiff has not demonstrated that the evidence compels a finding that the two applications did not involve the same facts and the same issues. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc) ("findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal").

-17-

Finally, the plaintiff seems to argue that law judge Dent erred in concluding under 20 C.F.R. 404.488(c) that there are no grounds for reopening the prior decisions (Doc. 15, p. 11). The law judge, however, did not refer to § 404.488(c); there is no such section. The plaintiff apparently meant to cite to § 404.988(c) which, among other things, allows for reopening based on error on the face of the evidence that was considered.

Regardless of the plaintiff's erroneous citation, the contention that the law judge erred in not reopening the prior decision is frivolous in light of Califano v. Sanders, supra. In Sanders, the Supreme Court held that "§205(g) [42 U.S.C. 405(g)] cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." 430 U.S. at 107-08. Accordingly, this court cannot review the plaintiff's contention that law judge Dent should have reopened the prior decision due to error on the face of the evidence.

For these reasons, this court does not have subject matter jurisdiction over this case. Consequently, I recommend that the defendant's Motion to Dismiss Complaint (Doc. 9) be granted and the complaint be dismissed.

Respectfully submitted,

*[signature]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: May _16_, 2016

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.